```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF TEXAS
                          HOUSTON DIVISION

NEW BETHLEHEM MISSIONARY,       §
BAPTIST CHURCH,                 §
                                §
          Plaintiff,            §
                                §
v.                              §      CIVIL ACTION NO. H-09-3901
                                §
CHURCH MUTUAL INSURANCE         §
COMPANY and EUGENE M.           §
POLDRACK,                       §
                                §
          Defendants.           §
```

MEMORANDUM AND ORDER

Pending is Plaintiff New Bethlehem Missionary Baptist Church's Motion to Remand (Document No. 3) and Defendant Church Mutual Insurance Co.'s Motion to Abate and Compel Appraisal (Document No. 11). After carefully considering the motions, responses, and the applicable law, the Court concludes that the motion to remand should be granted.

I. Background

Plaintiff filed suit in state court On March 27, 2009, alleging violations of the Texas Insurance Code, the Prompt Payment of Claims Act, and the Deceptive Trade Practices Act against both Defendants.[1] Plaintiff also alleged that Defendant Church Mutual

---

[1] Document No. 1, ex. B at 6-8.

Insurance Co. ("Church Mutual") breached its insurance contract and its duty of good faith and fair dealing.[2]  Plaintiff never served Defendant Eugene M. Poldrack ("Poldrack"), a non-diverse defendant. Plaintiff sent a letter to Church Mutual on November 30, 2009, asserting that Church Mutual had waived its right to compel Plaintiff to enter the appraisal process provided for in the parties' insurance contract.[3]  Church Mutual responded that it had not waived that right, and also noted that Plaintiff's letter had "alerted [it] to the fact that Defendant Eugene M. Poldrack was never served in this lawsuit."[4]

Church Mutual then removed the case on December 4, 2009, asserting diversity of citizenship as its basis for this Court's jurisdiction.[5]  Church Mutual is a Wisconsin corporation with its principal place of business in Wisconsin; Plaintiff is a Texas non-profit corporation with its principal place of business in Houston.[6]  Plaintiff objected to Defendant's Notice of Removal as defective for its failure to allege facts sufficient to support diversity jurisdiction.[7]  Church Mutual in its Notice of Removal

---

[2] <u>Id.</u>

[3] <u>Id.</u>, ex. I.

[4] <u>Id.</u>, ex. J at 1.

[5] <u>Id</u>.

[6] <u>Id.</u>

[7] Document No. 3 at 5-7.

did not mention the citizenship of Poldrack, whom the parties agree is a Texas citizen.[8] Rather, Church Mutual only noted that Poldrack had not been served and, as of the date of removal, had not appeared in the action.[9]

## II.  Discussion

Church Mutual asserts that the Court should consider only the citizenship of "parties in interest that are joined and served" in determining whether complete diversity exists.[10]  In its response to Plaintiff's Motion to Remand, Church Mutual contends for the first time that even if Poldrack had been served, he was fraudulently joined and therefore his citizenship should not be considered.[11]  Church Mutual also has filed its Opposed Motion for Leave to File Amended Notice of Removal (Document No. 8) "out of an abundance of caution to assert the improper joinder of Poldrack in the event that the Court does consider the citizenship of an unserved party."[12]

---

[8] Id. at 7; Document No. 10 at 1.

[9] Document No. 1 at 1.  No proof of service upon Poldrack has yet been filed with the Court.

[10] Document No. 6 at 2.

[11] Id.

[12] Document No. 8 at 3.

3

A.   Standard of Review

Under 28 U.S.C. § 1441, an action filed in state court may be removed to federal court when (1) federal jurisdiction exists and (2) the removal procedure is properly followed.  The removing party bears the burden of establishing that federal jurisdiction exists over the controversy.  Winters v. Diamond Shamrock Chem. Co., 149 F.3d 387, 397 (5th Cir. 1998).  Any doubt about the propriety of the removal is to be resolved in favor of remand.  *See* Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000); Walters v. Grow Group, Inc., 907 F. Supp. 1030, 1032 (S.D. Tex. 1995).

A defendant seeking to amend its notice of removal may do so freely within the thirty-day period in 28 U.S.C. § 1446(b) for the original filing of a notice of removal.  Wright v. Combined Ins. Co. of Am., 959 F. Supp. 356, 359 (N.D. Miss. 1997).  After this period, a defendant may amend the notice only to "clarify the jurisdictional grounds for removal which were unartfully stated in the original notice," id., or to cure "technical defects" in the initial allegation.  Holt v. Lockheed Support Sys., Inc., 835 F. Supp. 325, 327 (W.D. La. 1993) (quoting Boelens v. Redman Homes, Inc., 759 F.2d 504, 512 (5th Cir. 1985)); *see also* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

> In most circumstances, however, defendants may not add completely new grounds for removal or furnish missing

> allegations, even if the court rejects the first-proferred [sic] basis of removal, and the court will not, on its own motion, retain jurisdiction on the basis of a ground that is present but that defendants have not relied upon.

14C CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3733, at 651-59 (4th ed. 2009) (footnote and citations omitted).

B.  <u>Unserved Defendant's Citizenship</u>

Despite Church Mutual's assertions to the contrary, "[a] non-resident defendant cannot remove an action if the citizenship of any co-defendant, joined by the plaintiff in good faith, destroys complete diversity, *regardless of service or non-service upon the co-defendant*." <u>N.Y. Life Ins. Co. v. Deshotel</u>, 142 F.3d 873, 883 (5th Cir. 1998) (emphasis added). "[T]he existence of diversity is determined from the fact of citizenship of the parties *named* and not from the fact of service." <u>Id.</u> (emphasis added). Church Mutual in its Notice of Removal (Document No. 1) provides no reason other than Poldrack's non-service to disregard Poldrack's Texas citizenship. Based upon this notice alone, then, it has failed to carry its burden to show the existence of this Court's jurisdiction. *See* <u>Winters</u>, 149 F.3d at 397.

C.  <u>Fraudulent Joinder Amendment</u>

Church Mutual nonetheless asserts that Poldrack's citizenship should not be considered because he was fraudulently joined.

However, Church Mutual makes this assertion in its *response* to Plaintiff's Motion to Remand, and seeks to amend its Notice of Removal to include this allegation.  Whether the Court may consider this theory in support of removal therefore depends upon whether Church Mutual's assertion of fraudulent joinder is considered (1) merely a "clarification" of its grounds for removal; or (2) a "completely new" ground for removal.  *See* Wright et al., *supra*, § 3733 at 649-59.

Because Church Mutual relies on a *new theory* for supporting diversity of citizenship--fraudulent joinder rather than non-service, as initially alluded to in its Notice of Removal--its proposed amendment to its notice seeks to do more than merely clarify its grounds for removal.  It presents an entirely new ground for supporting diversity jurisdiction.  For example, in Martinez v. Lone Star Industries, Judge Duval determined that "a notice of removal may not be amended to add a missing allegation that a non-diverse party has been improperly joined in order to defeat diversity jurisdiction."  No. Civ.A.05-2540, 2005 WL 2050294, at *2 (E.D. La. Aug. 16, 2005) (citing Kimmet v. Mannesmann Dematic Rapistan Sys. Corp., No. CIV. A. 00-1247, 2000 WL 822513, at *3 (E.D. Pa. June 26, 2000) (citing Castle v. Laurel Creek Co., 848 F. Supp. 62, 66 (S.D.W.Va. 1994))).  Likewise, the court in Kimmet distinguished between the removing defendants' initial argument "that complete diversity of citizenship exists

6

among all parties," and its subsequent argument, which it sought to amend into its notice of removal, that one defendant's "lack of diversity is moot due to its fraudulent joinder."  2000 WL 822513, at *3.  Finally, the court in Castle denied the defendants' motion to amend their notice of removal to add an allegation of fraudulent joinder, noting that such a proposed amendment "is neither minor nor technical in nature; it is both substantial and material."  848 F. Supp. at 66.

Analogously, in Hinojosa v. Perez, then-Chief Judge Kazen concluded that a defendant may not switch, post-removal, the provision on which it relies to invoke federal question jurisdiction.  214 F. Supp. 2d 703, 706-07 (S.D. Tex. 2002).  There, the defendants for the first time argued in their response to the plaintiff's motion to remand that 42 U.S.C. § 1395dd provided federal question jurisdiction, although the notice of removal "identified the sole grounds of removal as being 42 C.F.R. § 482.12," and "never mentioned 42 U.S.C. § 1395dd."  Id. at 707-08.  The court held that, although "pleadings, and consequently removal notices, are to be construed with some liberality . . . Defendants clearly may not remove on grounds not even obliquely referred to in the Notice of Removal."  Id. at 708 (citations omitted).

Nowhere in Church Mutual's Notice of Removal is fraudulent joinder mentioned.  Indeed, Church Mutual justified the timeliness

7

of its notice by relying on Plaintiff's letter dated November 30, 2009, in which "Defendant was notified that the case became removable" allegedly due to the non-service of Poldrack.[13] Permitting Church Mutual's proposed amendment as a "clarification" of a broad diversity jurisdiction assertion would exceed the liberality of construction reserved for pleadings and notices of removal, *see* Hinojosa, 214 F. Supp. 2d at 707, and would be contrary to the purpose of 28 U.S.C. § 1446(b)'s requirement for timely removal, which is to encourage "early resolution of the court system in which the case will be heard." WRIGHT ET AL., *supra*, § 3731 at 483-85.  Moreover, any doubts about the propriety of removal are to be resolved in favor of remand. *See* Acuna, 200 F.3d at 339; Walters, 907 F. Supp. at 1032.

Because amendment to assert fraudulent joinder as a new ground for removal is not permitted, and because the ground stated for removal--Poldrack's non-service--is inadequate to confer diversity jurisdiction, remand is appropriate.

### III.  Order

Accordingly, it is

ORDERED that Plaintiff New Bethlehem Missionary Baptist Church's Opposed Motion to Remand and Memorandum in Support of Motion to Remand (Document No. 3) is GRANTED, and Defendant Church

---

[13] Document No. 1 at 3; id., ex. J.

Mutual Insurance Company's Opposed Motion for Leave to File Amended Notice of Removal (Document No. 8) is DENIED, and this case is REMANDED to the 55th Judicial District Court of Harris County, Texas.

The Clerk will mail a certified copy of this Order to the Clerk of the 55th Judicial District Court of Harris County, Texas, as required by 28 U.S.C. § 1447, and shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 11th day of March, 2010.

```
                    _____
                         EWING WERLEIN, JR.
                      UNITED STATES DISTRICT JUDGE
```